PIERCE, Justice,
specially concurring:
¶ 111. No one disputes the authority of the Attorney General to enter into a contingency-fee contract with outside counsel to assist in the prosecution of the claim, which is the subject of this lawsuit. No one has challenged the reasonableness of the amount of attorney fees involved, nor the right of Retained Counsel to be paid. Further, no one has challenged the right of the Attorney General to deposit settlement funds into his contingent fund and pay Retained Counsel therefrom. The only question currently before this Court is whether fees paid to outside counsel were *1291 public funds. I agree with the majority that said funds were indeed public funds.
¶ 112. I also agree with the majority that Retained Counsel can be paid only from funds appropriated to the Attorney General’s office by the Legislature or through the Attorney General’s contingent fund. It must be so, because a reading of the law can lead only to that conclusion. Furthermore, any public funds must be subject to audit. The auditor must be able to verify payment and determine, for example, if costs associated with litigation appear reasonable.
¶ 113. Had the Attorney General paid outside counsel using his contingent fund, we would not be here. The Attorney General did not. And that is why we are here.
WALLER, C.J., DICKINSON, P.J., RANDOLPH AND LAMAR, JJ., JOIN THIS OPINION.